## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* STF, LLC, <br><br>      *Plaintiff,* <br><br>    v. <br><br> TRUE HEALTH DIAGNOSTICS, LLC, *et al.,* <br><br>      *Defendants.* | Civil Action No. 4:16-CV-547 |

## DEFENDANTS THOMAS GRAY HARDAWAY AND JEFFREY PARNELL'S MOTION FOR A STAY OF CIVIL PROCEEDINGS

Defendants Thomas Gray Hardaway and Jeffrey Parnell respectfully request that the Court issue a stay of the above-captioned civil action against all defendants during the pendency of a parallel criminal proceeding.  A proposed order specifying the scope of the stay and applicable exceptions is submitted herewith. Counsel for Defendants Hardaway and Parnell met and conferred with all parties for whom counsel could be identified regarding the stay as outlined in the proposed order.[1] The United States and relator STF, LLC do not oppose the stay. Of the defendants for whom counsel could be identified,[2] the following do not oppose a stay of the civil action: Frederick Brown, Elizabeth Seymour, William Todd Hickman, Christopher Grottenthaler, Matthew Theiler, Courtney Love, Christopher Gonzales, Jeffrey Madison, Peggy Borgfeld, Stanley Jones, Hong Davis, Emmanuel Paul "E.P." Descant, II, Susan Hertzberg, Ruben Marioni,

---

[1] Counsel for Hardaway and Parnell sent an email to all identified counsel asking if they would consent or not object to the proposed stay.

[2] Defendants were unable to contact Stephen Kash, who has neither made an appearance nor identified counsel.

Laura Howard, Jordan Perkins, and LGRB Management Services LLC.  The following defendants did not respond as of the time of the filing of this motion: Jeffrey "Boomer" Cornwell, Ginny Jacobs, Scott Jacobs, and Heriberto Salinas. Good cause exists and, for the reasons set forth below, this Court should exercise its inherent authority to enter the proposed order and stay this civil proceeding.

The relator, STF, LLC filed this action on July 22, 2016, under seal, pursuant to the False Claims Act (FCA), 31 U.S.C. §§ 3729–33.  The United States intervened and filed its Intervention Complaint on January 31, 2022.  ECF No. 57.  In a parallel criminal action, a grand jury in the Eastern District of Texas returned an indictment charging numerous defendants to the civil action with conspiracy to commit illegal remunerations in violation of 18 U.S.C. § 371.  The criminal action is pending before Judge Jeremy Kernodle of the Tyler Division of the United States District Court for the Eastern District of Texas: *United States v. Hertzberg, et al.*, No. 6:22-cr-00003-JDK (E.D. Tex.).  On April 1, 2022, Defendants Thomas Gray Hardaway and Jeffrey Parnell made their initial appearances and were arraigned before Magistrate Judge K. Nicole Mitchell.

"When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action." *United States v. Kordel*, 397 U.S. 1, 12 (1970).

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants

*Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  Accordingly, a stay sought by Defendants is a matter which the Court may grant through the exercise of its inherent authority. *Petrus v. Bowen*, 833 F. Supp. 581, 583 (5th Cir. 1987). "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

2

"This authority has been held to provide the court the 'general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.'" *Id.* at 318 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)); *see also Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (recommending "[j]udicial discretion and procedural flexibility" when "handling motions for a stay of a civil suit until the disposition of a criminal prosecution on related matters").

In determining whether a civil action should be stayed, a court considers the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case; (3) the privacy interest of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interest of and burden on the defendants; (5) the interest of the courts; and (6) the public interest. *See SEC v. AmeriFirst Funding, Inc.*, 2008 WL 866065, at *2 (N.D. Tex. Mar. 17, 2008).

Here, there is substantial overlap in the facts and evidence applicable to both parallel actions. Of the defendants in the criminal action, many are also defendants in the civil action and each is a possible witness in the civil action.  Both actions allege, among other things, that management service organizations (MSOs) paid kickbacks to induce laboratory testing referrals to a critical access hospital, Rockdale Hospital d/b/a Little River Healthcare (LRH).  For example, both the Complaint and indictment contend, "[t]o gain referrals, LRH paid recruiters to arrange for [HCPs] referrals and recommend [the ordering of] blood testing, and the recruiters kicked back some of those payments to the referring HCPs, while disguising the payments to HCPs as investment distributions from an MSO." Complaint, ¶ 165; Indictment, ¶ 18.  The Complaint and indictment both also allege, "LRH funded the MSO kickbacks to HCPS" and "LRH paid recruiters to generate commercial and federal laboratory testing referrals; the recruiters transferred a portion

3

of the funds" to the "MSO entities; the MSOs paid the referring HCPs to induce their referrals [and orders] to LRH; and LRH submitted the resulting claims to Medicare, Medicaid, and TRICARE." Complaint, ¶ 167; Indictment, ¶ 19. If both actions were to proceed simultaneously, the ensuing discovery issues would significantly increase the resources expended by both the parties and the Court.  The verdict in the criminal action and any plea agreements that may be reached beforehand may narrow the scope of issues in dispute or facilitate resolution of claims in the civil action.  The limited stay specified in the proposed order is likely to maximize judicial efficiency and the time and resources of the parties.  For this reason, Defendants respectfully request that the Court grant the following stay:

1. This civil action and all associated deadlines are stayed until a verdict after trial has been returned or a plea of guilty or nolo contendere has been accepted in *United States v. Hertzberg, et al.*, No. 6:22-cr-00003-JDK (E.D. Tex.) (Criminal Action), for each of the following defendants:  Susan Hertzberg, Matthew Theiler, Jeffrey Parnell, Thomas Hardaway, Laura Howard, William Hickman, Christopher Gonzales, Ruben Marioni, Jordan Perkins, Elizabeth Seymour, Heriberto Salinas, and Hong Davis (collectively, Criminal Defendants).

2. The stay applies to all parties and all claims in this civil action.

3. The stay automatically expires on the date a verdict after trial has been returned or a plea of guilty or nolo contendere has been accepted in the Criminal Action for each of the Criminal Defendants (Expiration Date).

4. Within fourteen (14) days after the Expiration Date, the parties shall file a joint status report with the Court. If the parties cannot reach agreement, the parties shall file separate status reports with the Court.

5. Notwithstanding the stay:

   a. Any party in this civil action may file a motion to lift or to extend the stay, in whole or in part, for good cause;

   b. The United States may voluntarily dismiss claims against any defendant in this civil action pursuant to Fed. R. Civ. P. 41(a) in connection with a settlement pursuant to 31 U.S.C. § 3730(c)(2)(B) or other resolution of the claims;

c. With respect to the portion of this civil action in which the United States has declined to intervene, Relator may voluntarily dismiss its claims against any defendant pursuant to Fed. R. Civ. P. 41(a) in connection with a settlement or other resolution of Relator's claims; provided, however, that the "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting" pursuant to 31 U.S.C. § 3730(b)(1);

d. The United States may file a motion to dismiss one or more claims brought by Relator in this civil action pursuant to 31 U.S.C. § 3730(c)(2)(A);

e. The United States and Relator may amend their operative complaints pursuant to Fed. R. Civ. P. 15;

f. Relator may file a motion for a relator's share and/or for reasonable expenses, attorneys' fees, or costs pursuant to 31 U.S.C. § 3730(d) or, if applicable, 31 U.S.C. § 3730(c)(5), if the United States recovers proceeds from which Relator is entitled to a share;

g. The United States may file a motion pursuant to Fed. R. Civ. P. 56 against any defendant in this civil action against whom a final judgment has been entered in favor of the United States in the Criminal Action or in *United States v. Cornwell*, No. 4:19-cr-00319-SDJ-KPJ (E.D. Tex.);[3] and

h. Unless otherwise ordered by the Court, the deadlines in LR CV-7 shall apply to any party's response or reply to the motions referenced in this Order.

---

[3] To avoid any doubt, defendants are not deemed to waive any defense, including but not limited to any defense that must be asserted in the defendant's initial pleading or by motion filed prior to the submission of defendant's initial pleading.

Dated:  June 8, 2022

Respectfully submitted,

By:  */s/ Gene R. Besen*
Gene R. Besen
Texas Bar No. 24045491
gbesen@bradley.com

Bradley Arant Boult Cummings LLP
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone (214) 257-8700
Facsimile (214) 939-8787

Attorney for Thomas Gray Hardaway and
Jeffrey Parnell

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service were served with a true and correct copy of the foregoing document via the Court's CM/ECF system on this June 8, 2022.

*/s/ Gene R. Besen*
Gene R. Besen

6

## CERTIFICATE OF CONFERENCE

Counsel complied with the meet and confer requirement pursuant to Local Rule CV-7(h). Upon meeting and conferring, the United States and Counsel for Hardaway and Parnell agreed on the present Motion and Proposed Order.  On June 1, 2022, Counsel for Hardaway and Parnell sent an email to counsel for all defendants for whom counsel could be identified to obtain consent to the proposed stay. On June 2, 2022, Counsel for Hardaway and Parnell sent a second email to counsel who had not yet responded. On June 7, 2022, Counsel for Hardaway and Parnell telephoned all remaining counsel that had not responded to previous emails.

*/s/ Gene R. Besen*
Gene R. Besen