# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* STF, LLC,<br><br>    *Plaintiffs*,<br><br>v.<br><br>TRUE HEALTH DIAGNOSTICS, LLC, *et al.*,<br><br>    *Defendants*. | Civil Action No. 4:16-CV-547 |

## ORDER

Upon consideration of Defendants Thomas Gray Hardaway and Jeffrey Parnell's Motion for a Stay of Civil proceedings (Dkt. #128), pursuant to the Court's inherent authority to stay a civil case during the pendency of a parallel criminal proceeding, and good cause having been shown, it is hereby **ORDERED** as follows:

1. This civil action and all associated deadlines are hereby **STAYED** until a verdict after trial has been returned or a plea of guilty or nolo contendere has been accepted in *United States v. Hertzberg, et al.*, No. 6:22-cr-00003-JDK (E.D. Tex.) (Criminal Action), for each of the following defendants: Susan Hertzberg, Matthew Theiler, Jeffrey Parnell, Thomas Hardaway, Laura Howard, William Hickman, Christopher Gonzales, Ruben Marioni, Jordan Perkins, Elizabeth Seymour, Heriberto Salinas, and Hong Davis (collectively, Criminal Defendants).

2. The stay applies to all parties and all claims in this civil action.

3. The stay automatically expires on the date a verdict after trial has been returned or a plea of guilty or nolo contendere has been accepted in the Criminal Action for each of the Criminal Defendants (Expiration Date).

4. Within fourteen (14) days after the Expiration Date, the parties shall file a joint status report with the Court. If the parties cannot reach agreement, the parties shall file separate status reports with the Court.

5. Notwithstanding the stay:

   a. Any party in this civil action may file a motion to lift or to extend the stay, in whole or in part, for good cause;

   b. The United States may voluntarily dismiss claims against any defendant in this civil action pursuant to Fed. R. Civ. P. 41(a) in connection with a settlement pursuant to 31 U.S.C. § 3730(c)(2)(B) or other resolution of the claims;

   c. With respect to the portion of this civil action in which the United States has declined to intervene, Relator may voluntarily dismiss its claims against any defendant pursuant to Fed. R. Civ. P. 41(a) in connection with a settlement or other resolution of Relator's claims; provided, however, that the "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting" pursuant to 31 U.S.C. § 3730(b)(1);

   d. The United States may file a motion to dismiss one or more claims brought by Relator in this civil action pursuant to 31 U.S.C. § 3730(c)(2)(A);

   e. The United States and Relator may amend their operative complaints pursuant to Fed. R. Civ. P. 15;

   f. Relator may file a motion for a relator's share and/or for reasonable expenses, attorneys' fees, or costs pursuant to 31 U.S.C. § 3730(d) or, if applicable, 31 U.S.C. § 3730(c)(5), if the United States recovers proceeds from which Relator is entitled to a share;

   g. The United States may file a motion pursuant to Fed. R. Civ. P. 56 against any defendant in this civil action against whom a final judgment has been entered in favor of the United States in the Criminal Action or in *United States v. Cornwell*, No. 4:19-cr-00319-SDJ-KPJ (E.D. Tex.);[1] and

   h. Unless otherwise ordered by the Court, the deadlines in LR CV-7 shall apply to any party's response or reply to the motions referenced in this Order.

---

[1] To avoid any doubt, defendants are not deemed by this Order to waive any defense, including but not limited to any defense that must be asserted in the defendant's initial pleading or by motion filed prior to the submission of defendant's initial pleading.

IT IS SO ORDERED.

SIGNED this 6th day of July, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE