IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* STF, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>TRUE HEALTH DIAGNOSTICS, LLC, *et al.*,<br><br>*Defendants*. | Civil Action No. 4:16-cv-547-ALM |

### DEFENDANTS SUSAN HERTZBERG, MATTHEW THEILER, AND THOMAS GRAY HARDAWAY'S REPLY IN SUPPORT OF THE MOTION FOR A STAY OF CIVIL PROCEEDINGS

Staying this proceeding will prevent substantial prejudice to the rights of Defendants Susan Hertzberg, Matthew Theiler, and Thomas Gray Hardaway (the "Appealing Defendants"). It will also promote substantial efficiencies for the court and litigants, and advance the public interest in protecting the constitutional rights of criminal defendants. All of that will be accomplished through a modest stay that only lasts through the pendency of criminal actions and does not meaningfully prejudice the government, which has already conducted an extensive investigation and deferred the pursuit of this case for more than eight years. In short, weighing all of the factors that Fifth Circuit courts consider in determining whether to stay civil litigation during a parallel criminal case requires pausing this proceeding. Nothing in the United States' Opposition (the "Response") alters that conclusion or rebuts the substantial prejudice outlined in the Appealing Defendants' Motion to Stay. Dkt. 216.

*First*, the Response only confirms that the factors evaluated by Fifth Circuit courts weigh heavily in favor of a stay. *Second*, the government argues that forcing defendants to invoke the Fifth Amendment in response to questions during the civil case preserves their Fifth Amendment

rights. But requiring the Appealing Defendants to selectively invoke their Fifth Amendment rights would effectively deny their ability to mount a defense and therefore supports a stay. *Third*, the Response claims the Appealing Defendants request an indefinite and total stay of civil proceedings (this "Civil Action"). That is not true. The Appealing Defendants request a stay only through the pendency of the Appealing Defendants' criminal cases. The Appealing Defendants are also open to a partial stay that sufficiently protects their rights, though judicial economy is better served by staying the proceeding as to all defendants and all claims.

### A.    The Fifth Circuit's Multi-Factor Test Favors a Stay

The five factors that Fifth Circuit courts consider must be evaluated in their totality. However, as demonstrated in the Appealing Defendants' Motion, each factor favors the stay of this case. First and most important, facts in the civil and criminal cases overlap significantly and directly. *See Bean v. Alcorta*, 220 F.Supp.3d 772 (W.D. Tex. 2016). The government concedes that point and also concedes that an overlap weighs in favor of a stay if: (1) the defendant cannot protect himself in the Civil Action by selectively invoking his Fifth Amendment privilege; or (2) "effective defense of both the criminal and civil cases is impossible." *See N.H. v. Castilleja*, 2023 WL 149989, at 3 (E.D. Tex. Jan. 10, 2023); *see also* Dkt. 216 at 9. Both circumstances are true in this case. The Appealing Defendants were criminally charged with a conspiracy to violate the Anti-Kickback Statute ("AKS"). The False Claims Act violations in this Civil Action are premised on overlapping allegations. The fact that there exist counts based on other (contested) allegations, *see* Response at 14, does not change the fact that the defendants must defend against allegations at issue in the criminal proceeding and cannot do so while the criminal cases are active.

The government next argues that it will be prejudiced by the loss of evidence. More specifically, the government complains that witnesses' memories will fade and documents in their

2

possession will be lost or destroyed. That argument strains credulity and should be disregarded. As the Appealing Defendants have previously explained, the government has already interviewed scores of witnesses and collected millions of documents. The government has no response. Indeed, the government does not identify any specific documents at risk, or any witnesses that it has not previously interviewed.[1] Because the government's asserted prejudice is purely theoretical, and it has already conducted a six-year investigation into the facts underlying this proceeding, there is no meaningful prejudice.

The government also argues that judicial economy favors lifting the stay. Not so. The government emphasizes that "selective invocation" of the Fifth Amendment could mitigate prejudice to the Appealing Defendants. But disputes associated with selective invocation and the inevitable requests for adverse inferences will infect this case from beginning to end.[2] Further, other defendants will likely argue that they are harmed by such inferences, if granted. Strangely, the government states that a criminal acquittal would not have preclusive effect in this case. But that misunderstands the Motion to Stay, which argues that any attempt by the government to

---

[1] The government notes that two witnesses have passed away during the pendency of this case. But those witnesses passed away while this case was stayed with the government's agreement. There is no reason to think additional witnesses would pass away during the modest length of a stay pending criminal appeals.

[2] Each Moving Defendant reserves the right to dispute application of any adverse inference. *See, e.g. Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) ("The *Baxter* holding is not a blanket rule that allows adverse inferences to be drawn from invocations of the privilege against self-incrimination under all circumstances in the civil context."); *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 193–94 (3d Cir. 1994) ("Courts must bear in mind that when the government is a party in a civil case and also controls the decision as to whether criminal proceedings will be initiated, special consideration must be given to the plight of the party asserting the Fifth Amendment."). Apparent disputes about the effect of invoking Fifth Amendment rights only illustrate that a modest stay will promote judicial economy and efficient litigation.

litigate preclusion before criminal convictions are final risks significant inefficiency and also risks creating multiple difficulties for this case.[3]

### B. Selective Invocation of the Fifth Amendment Will Not Cure Substantial Prejudice to the Appealing Plaintiffs

The government spends much of the Response arguing that the Appealing Defendants can invoke the Fifth Amendment should this case proceed. That is true but beside the point. The question is whether the Appealing Defendants will be able to defend themselves if this case proceeds while their criminal proceedings are pending. Under these circumstances, they cannot. The government acknowledges that "there is substantial overlap between the conduct for which the Moving Defendants were convicted in the criminal case and the MSO kickback allegations in this case."[4] Dkt. 216, at 9. If forced to invoke the Fifth Amendment during the pendency of their criminal cases, the Appealing Defendants will be unable to present an effective defense to the Civil Action. And the Appealing Defendants will be prejudiced even further if the government seeks and the court grants an adverse inference after such a forced invocation.[5] *See United States v.*

---

[3] The government cites two cases where courts have denied motions to stay pending the resolution of related criminal appeals. Dkt. 216, at 12. Both are inapplicable California cases and distinguishable here. In *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2012 WL 6115663, at *3 (S.D. Cal. Dec. 10, 2012), the court denied a motion to stay a civil case involving the sexual assault of a female by a male police officer. Plaintiff asserted "she and some of her witnesses are frightened of retribution from law enforcement personnel and misguided members of the public . . . her life, career goals and dreams are on hold until the resolution of this case." *Id*. In *Sec. & Exch. Comm'n v. Braslau*, No. 14-01290-ODW, 2015 WL 9591482, at *3 (C.D. Cal. Dec. 29, 2015), the Judge presiding over Braslau's criminal trial noted that his appeal does not raise any "substantial question of law or fact likely to result in reversal [or] an order for a new trial." No such factors exist or are relevant here.

[4] As set forth in their Motion, the Appealing Defendants will dispute any assertion that their criminal convictions have a preclusive effect on the civil claims. *See* Motion at 6 n.2.

[5] For reasons explained above, each Moving Defendant reserves the right to dispute application of any adverse inference. *See supra* n.3.

*White*, 589 F.2d 1283, 1286 (5th Cir. 1979) (acknowledging that by remaining silent the defendant "may have been denied his most effective defense"). Thus, the risk of irreparable prejudice to the Appealing Defendants greatly outweighs any prejudice the government might experience from the modest stay requested.

In any event, Fifth Circuit courts resolve motions like this one based on a multi-factor balancing test and the particular circumstances of each case. Here, weighing all operative factors supports a stay. *See* Motion at 3-10. In other words, even if the burden on the Appealing Defendants' ability to mount their defense were not sufficient to support the stay (it is), any weighing of all pertinent factors requires entry of the requested stay.

### C. A Partial Stay May be Acceptable

The Appealing Defendants do not oppose a partial stay of the Civil Action. The Appealing Defendants would be amenable to the government's efforts to proceed against the non-appealing Defendants, to the extent the government can do so without prejudicing the right of the Appealing Defendants to vigorously defend the Civil Action. However, the interest of judicial economy is best served by a full stay of this proceeding.

### CONCLUSION

Each of the factors a court considers when deciding whether to grant a stay of a civil case weighs in favor of staying the present Civil Action. Given this Court's wide discretion to order a stay given the circumstances of the Appealing Defendants' ongoing criminal cases and meritorious appeals, a stay of the Civil Action is warranted. Therefore, to the extent this Court determines that the existing civil stay has expired, the Appealing Defendants respectfully request that the Court enter a new stay of the Civil Action.

Dated:  November 21, 2024,                    Respectfully submitted,

By: */s/ Gene R. Besen*
    Gene R. Besen
    Texas Bar No. 24045491
    gbesen@bradley.com

Bradley Arant Boult Cummings LLP
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone (214) 257-9800
Facsimile (214) 939-8787

Jonathan H. Ferry (*pro hac vice*)
North Carolina Bar No. 39117
jferry@bradley.com
Bradley Arant Boult Cummings LLP
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Telephone (704) 338-6011
Facsimile (704) 332-8858

Anna Akers Hornsby (*pro hac vice*)
Alabama Bar No. ASB-0552-S19S
ahornsby@bradley.com
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Suite 9075
Montgomery, Alabama 36104
Telephone (334) 956-7640
Facsimile (334) 956-7701

*Attorneys for Thomas Gray Hardaway*


*/s/ Danielle M. Corcione*
Danielle M. Corcione, admitted *pro hac vice*
dcorcione@csglaw.com
Christopher R. Paldino, admitted *pro hac vice*
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, New Jersey 07068
(212) 324-7265

        Kathryn Pearson, admitted *pro hac vice*
        New Jersey Bar No. 021982012
        kpearson@csglaw.com
        Chiesa Shahinian & Giantomasi PC
        105 Eisenhower Parkway
        Roseland, New Jersey
        Telephone (972) 530-2103

        *Attorneys for Matthew John Theiler*


        */s/ Susan Hertzberg*
        Susan Hertzberg
        55 West 17th Street, Unit 1501
        New York, New York 10011
        Email: Hertzberglegal@gmail.com

        *Pro Se Defendant*


## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service were served with a true and correct copy of the foregoing document via the Court's CM/ECF system on this 21st day of November, 2024.

        */s/ Gene R. Besen*
        Gene R. Besen